UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 6:13-95

EQUAL EMPLOYMENT             )
OPPORTUNITY COMMISSION,      )
    Plaintiff,              )
                             )      **OPINION AND ORDER**
v.                           )
                             )
WAL-MART STORES EAST, LP     )
                             )
    Defendants.             )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Equal Employment Opportunity Commisssion's Application for Order to Show Cause why Subpoena should not be Enforced (DE 1); the Magistrate Judge's Recommended Disposition (DE 21) which recommends that the application be granted in part and denied in part; and the objections to the Recommended Disposition filed by the EEOC (DE 22) and Wal-Mart Stores East, L.P. (DE 23).

As the Magistrate Judge explained in his Recommended Disposition, this Court presided over a related case filed by the EEOC against Wal-Mart, Inc. *EEOC v. Wal-Mart Stores, Inc.*, Case No. 6:01-cv-339 (E.D. Ky. filed Aug. 24, 2001). In that case, the EEOC asserted that, since at least January 1, 1998, Wal-Mart had engaged in unlawful employment practices within the Wal-Mart distribution center in London, Kentucky in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1). That statute prohibits an employer from failing or refusing to hire a woman or from otherwise discriminating against her because of her gender.

That matter was resolved when the parties jointly moved for entry of a consent decree that they represented was intended to and did resolve all matters in dispute between them. Pursuant to the consent decree, this Court retained jurisdiction of this action for five years solely to enforce the decree.

With this recent action, the EEOC seeks to enforce an administrative subpoena served on Wal-Mart after the resolution of the related case. The EEOC issued the subpoena while investigating a charge of discrimination filed by Alice Collett, one of the class members in the earlier action. Collett alleges that, after the resolution of the prior lawsuit, she was subjected to a physical abilities test when applying for a job at Wal-Mart that she believes has a disparate impact on female applicants. Ms. Collett also charges that the test was administered to her in retaliation for her participation in the prior lawsuit against Wal-Mart. The subpoena sought nine categories of information and Wal-Mart objects to four of them. The four categories in dispute all seek information or documents regarding Wal-Mart's decision to begin using the physical abilities test.

With his Recommended Disposition, the Magistrate Judge recommends that the subpoena be enforced as written and that Wal-Mart be ordered to produce a privilege log that substantially complies with Federal Rule of Civil Procedure 26(b)(5)(A) within 30 days of this Court's ruling on the objections to the Recommended Disposition. The Magistrate Judge determined that, if there were any disputes regarding whether documents are privileged, then a party could move this Court to resolve those issues if the party "presents a valid jurisdictional basis and applicable procedure."

The Magistrate Judge found that the plain language of the subpoena did not request "testimony" from Wal-Mart employees. Accordingly, the Magistrate Judge recommends that Wal-Mart not be compelled to provide testimony to the EEOC. The Magistrate Judge

further determined that the subpoena sought only "documents" with regard to the four disputed categories and that the term "documents" in the subpoena did not include a duty to compile information not already in documentary form. Accordingly, the Magistrate Judge recommended that the Court not order Wal-Mart to produce documents not already in existence.

Both Wal-Mart and the EEOC object to the Recommended Disposition. This Court will review those objections *de novo*. 28 U.S.C. § 636(b)(1)(C).

I.    **Wal-Mart's Objections**

Wal-Mart states that the Magistrate Judge failed to address its sole objection to the EEOC's subpoena. It states its objection presents only one simple and "singular" question: "Can the EEOC investigate and make a probable cause finding on an issue that has previously been determined by this Court?" (DE 23, Objections at CM-ECF p. 1.) Wal-Mart's argument appears to be that the EEOC had no authority to issue the subpoena in the first place because this Court already determined in the class action that the administration of the physical abilities test was not retaliatory. (DE 23, Objections at CM-ECF p. 11.)

This objection is overruled. First, even if this Court had already determined that the physical abilities test was not retaliatory, the EEOC is also investigating whether the test was applied in a discriminatory manner. Wal-Mart addresses the discrimination claim in a footnote in which it appears to ask the Court to make a factual determination that the test was not applied in a discriminatory manner and to rule that, therefore, the EEOC has no authority to investigate the matter. (DE 23, Wal-Mart Objections at CM-ECF p. 13, n. 6.) The Court cannot resolve the merits of Collett's discrimination claim in this proceeding.

3

A subpoena enforcement proceeding is "not the proper time to litigate the merits of a claim, either procedurally or substantively. A district court should only examine the substance of the EEOC's underlying claim if the opposing party can show that there is no factual or legal support for the agency's preliminary determination to investigate." *EEOC v. Roadway Exp., Inc.*, 750 F.2d 40, 42 (6th Cir. 1984). "The process of reviewing an administrative subpoena for judicial enforcement is not one for a determination of the underlying claim on its merits; Congress has delegated that function to the discretion of the administrative agency." *EEOC v. Randstad*, 685 F.3d 433, 442 (4th Cir. 2012) (quotations and citation omitted). "To establish its authority to investigate, the EEOC need only present an arguable basis for jurisdiction. As long as jurisdiction is plausible and not plainly lacking, the subpoena should be enforced, unless the party being investigated demonstrates that the subpoena is unduly burdensome." *Id.* (internal quotations and citations omitted.)

Second, Wal-Mart has mischaracterized or misunderstood the Court's ruling in the class action. As discussed, the class action was resolved with a consent decree. Sometime after the case was resolved, the EEOC moved to enforce the decree, arguing that Wal-Mart had not hired class members to work at the London distribution center as the decree required. The EEOC specifically objected to Wal-Mart subjecting class members to the physical abilities test. In its motion, the EEOC did not assert that the physical abilities test had been applied in a discriminatory or retaliatory fashion. That was not an issue that the Court was ever asked to decide. The EEOC argued only that administering the test violated the consent decree.

In rejecting that argument, the Court noted that the consent decree provided that Wal-Mart must hire class members "subject to criteria that is applicable to all new hires in

4

the orderfiller position." The Court determined that, under the decree's plain language, Wal-Mart could subject class members to the test because Wal-Mart represented the test was applied to "all new hires in the orderfiller position."

The EEOC did not dispute that the test was applied to all such new hires but argued that the test nonetheless violated the consent decree. In resolving that question, the Court did not delve into the manner by which Wal-Mart had applied the test or why Wal-Mart had applied the test. It simply determined that if, as was undisputed on that motion, the test was applied to all new hires in the orderfiller position, administering the test did not violate the language of the consent decree.

But the fact that administering the test did not violate the consent decree does not mean that it has not been applied in a discriminatory or retaliatory fashion. Aside from its argument that the Court has already ruled on the retaliation claim, Wal-Mart does not argue there is no legal support for the claim.[1] Accordingly, the EEOC may properly investigate whether Wal-Mart administered the physical abilities test in a retaliatory manner. The documents requested in categories one to four of the subpoena regarding Wal-Mart's decision to administer the physical abilities test are within the scope of that investigation.

---

[1] For a retaliation claim, the EEOC must show prove that: (1) the class members engaged in a *protected* activity under Title VII, (2) the protected activity was known to the defendant, (3) defendant thereafter took an adverse employment action against the class members, and (4) there was a causal connection between the protected activity and the adverse employment action. *See Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir.2000). The Court is not entirely clear as to the kind of adverse employment action alleged by Collett but assumes it is either having to take the physical abilities test or Wal-Mart's failure to hire her. While "claims of retaliation in the failure-to-hire context are . . . rare," *Thompson v. Austin Peay State University*, No. 3:11-cv-00177, 2012 WL 3682914, at * 15 (M.D. Tenn. 2012) (quoting *Velez v. Janssen Ortho, LLC*, 467 F.3d 802, 803 (1st Cir.2006)), the Court cannot find that there is no legal support for such a claim. *See Velez*, 467 F.3d at 803 (setting forth the elements for a retaliatory failure-to-hire case).

## II. The EEOC's Objections

The EEOC asserts four objections to the Magistrate Judge's recommendation. First, it objects to the Magistrate Judge's recommendation that the Court not require Wal-Mart to produce documents not already in existence. Again, this recommendation was based on the fact that, with regard to the four disputed categories, the subpoena requests only "documents." The Magistrate Judge noted that, while the subpoena defines the term "evidence" to include information that is either "presently compiled in documentary form" or "capable of being compiled," it does not define the term "document" in such a manner. Further, the term "document" is specifically defined as items that "are in possession, custody, or control of the person or entity to which this Subpoena is directed" or to which the target of the subpoena has or can obtain access. This indicates that the EEOC did not intend that the target compile information in response to a "document" request.

The Court agrees with the Magistrate Judge's analysis but this issue appears to be moot. Wal-Mart states that the EEOC has served a second subpoena that specifies that "[a] request for 'documents' also includes any information not presently in documentary form but capable of being compiled into documentary form." (DE 23, Wal-Mart Objections at 9.) Wal-Mart states it has petitioned to revoke the second subpoena asserting the same "singular" objection to the scope of the investigation made to the first subpoena. (DE 25, Wal-Mart, Response at 6, n.1.) That objection has now been resolved, with the Court determining that the EEOC's investigation is not prohibited, that this Court has never determined that the physical abilities test was not applied in a discriminatory or retaliatory fashion, and that the documents requested are within the scope of that investigation.

Wal-Mart states that it "understands that the Court's ruling on the proper scope of the EEOC's investigation will apply to further investigative efforts by the EEOC" and that

it "has no intention of litigating these issues over and over . . . ." (DE 25, Wal-Mart, Response at 6.) Accordingly, because the second subpoena specifically directs Wal-Mart to compile information when responding to the four disputed categories and the sole objection to the second subpoena has now been resolved by the Court, the issue of whether Wal-Mart has a duty to compile the same information in response to the first subpoena is now moot.

Second, the EEOC objects to the Magistrate Judge's recommendation that the Court not require Wal-Mart to provide testimony to the EEOC in response to the subpoena. Again, this ruling by the Magistrate Judge was based on the fact that the subpoena did not request "testimony" from Wal-Mart employees. The Court agrees with this assessment. Nevertheless, this issue is also moot. This is because the EEOC states it has now issued a subpoena for testimony. (DE 22, Objections at CM-ECF p. 12, n. 6.)

Further, the EEOC states in its objections that it has never argued that the subpoena at issue in this action requests testimony. (DE 22, Objections at 11.) Instead, it says it has argued that the Court's rulings on Wal-Mart's objections to the subpoena should be made applicable to testimony requested by the EEOC in some form other than the subpoena. As explained above, Wal-Mart states that it accepts that the Court's rulings on Wal-Mart's objection to the first subpoena will apply to further investigations by the EEOC, which would include any request for testimony. In other words, Wal-Mart will not present, and will withdraw, the same objection to a request for testimony that it has already presented here.

Third, the EEOC objects to the Magistrate Judge's recommendation that Wal-Mart produce a privilege log within 30 days of this Court's order and that the EEOC file any objections to it with the Court. The EEOC argues that the Magistrate Judge should have simply resolved the privilege issues without requiring the production of a privilege log. The

Magistrate Judge's procedure is, however, similar to that required under Federal Rule of Civil Procedure 26. The Court is uncertain as to precisely what alternative procedure the EEOC envisions. Regardless, the production of a privilege log at the time of the production of non-privileged materials is a reasonable and orderly way to assert any applicable privilege.

The EECO argues that "the resolution of privilege issues is part and parcel of the subpoena enforcement proceeding and no separate jurisdictional basis or motion should be required." (DE 22, Objections at 13.) The Court agrees that it has jurisdiction to resolve any privilege disputes. Further, it will resolve them in a manner consistent with the Federal Rules of Civil Procedure and Local Rules of this Court. Should the EEOC dispute any privilege assertions made by Wal-Mart, then it should file a motion to compel. Wal-Mart may respond to the motion and the EEOC may reply as provided in the Local Rules. The Court will conduct a hearing if necessary. Thus, the motion to compel need not set forth the jurisdictional basis for this Court's resolution of the privilege dispute. Nor does the motion need to set forth the procedures the Court should employ for resolving it.

The EEOC also argues that Wal-Mart has waived its privilege by failing to produce a privilege log earlier. Wal-Mart has not waived its privilege by requesting that the Court resolve whether the EEOC had authority to issue the subpoena before resolving any privilege issues.

Finally, the EEOC objects to the Magistrate Judge's recommendation because it did not set a date for Wal-Mart's production of non-privileged documents. The Court grants this objection and will order that Wal-Mart produce documents responsive to the subpoena within 30 days of the entry date of this order, simultaneous with its production of a privilege log.

III.     Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1)      the Equal Employment Opportunity Commisssion's Application for Order to Show Cause why Subpoena should not be Enforced (DE 1) is GRANTED;

2)      Wal-Mart's objection to the Magistrate Judge's Recommended Disposition is OVERRULED;

3)      the EEOC's objections to the Magistrate Judge's Recommended Disposition are SUSTAINED in part and OVERRULED in part as follows:

a)      within 30 days of the entry date of this order, Wal-Mart SHALL PRODUCE documents responsive to the subpoena. To the extent that Wal-Mart asserts that any requested document or information is privileged, it shall produce a privilege log describing the nature of the document, communication or tangible thing not produced – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim;

b)      any motion to compel filed by the EEOC after Wal-Mart produces its privilege log need not set forth the jurisdictional basis for this Court's resolution of the privilege dispute or the procedures the Court should employ for resolving the dispute. Response and replies to the motion may be filed in accordance with the Local Rules;

c)      otherwise, the Recommended Disposition is accepted as the opinion of the Court; and

d)      the Court overrules the EEOC's objections to the Magistrate Judge's determination that the EEOC need not compile information or provide testimony in response to the request for the four categories of documents described in the subpoena that are at issue in this action. Nevertheless, in accordance with Wal-Mart's representations,

the Court does not expects that Wal-Mart will object to any separate requests by the EEOC directing Wal-Mart to compile information or provide testimony in response to the four categories of requested information and documents.

Dated this 17th day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY